# Supreme Court of Florida

_____

No. SC19-1336
_____

**WILSONART, LLC, et al.,**
Petitioners,

vs.

**MIGUEL LOPEZ, etc.,**
Respondent.

December 31, 2020

MUÑIZ, J.

In the decision under review, the Fifth District Court of Appeal certified to this Court a question of great public importance involving Florida's summary judgment standard. *Lopez v. Wilsonart, LLC*, 275 So. 3d 831 (Fla. 5th DCA 2019). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.

The certified question is as follows:

Should there be an exception to the present summary judgment standards that are applied by state courts in Florida that would allow for the entry of final summary judgment in favor of the moving party when the movant's video evidence completely negates or refutes any conflicting evidence presented by the non-moving party in opposition to the summary judgment motion and there is no evidence or suggestion that the videotape evidence has been altered or doctored?

*Lopez*, 275 So. 3d at 834. Our answer is no.

## BACKGROUND

This case involves a fatal rear-end car crash. The estate of the decedent sued the front-car driver and the driver's employer. The trial court granted summary judgment for the defendants, relying on video evidence from the front car's forward-facing dashboard camera that appeared to refute the plaintiff's version of events. The Fifth District acknowledged that "the video evidence showing [the front driver's] driving pattern is both compelling that Appellees were not negligent and directly contradictory to the Estate's evidence in opposition to the summary judgment." *Id.* (footnote omitted). Nonetheless, the Fifth District reversed the summary judgment. It reasoned that, notwithstanding the strength of the video evidence, "the trial court improperly weighed competing evidence on material facts." *Id.*

After accepting jurisdiction in this case, we sua sponte asked the parties to brief the following questions:

> Should Florida adopt the summary judgment standard articulated by the United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)? If so, must Florida Rule of Civil Procedure 1.510 be amended to reflect any change in the summary judgment standard?

*Wilsonart, LLC v. Lopez*, No. SC19-1336, 2019 WL 5188546, at *1 (Fla. Oct. 15, 2019).

## ANALYSIS

The Fifth District held that it was "compelled" under "Florida's current summary judgment standard" to reverse the trial court's grant of summary judgment. *Lopez*, 275 So. 3d at 832. And the court understood that standard to mean that summary judgment is unwarranted "if the record raises the *slightest doubt* that material issues could be present." *Id*. at 833 (emphasis added) (quoting *Jones v. Dirs. Guild of Am., Inc.*, 584 So. 2d 1057, 1059 (Fla. 1st DCA 1991)).

The Fifth District contrasted Florida's summary judgment standard (so understood) with the federal summary judgment standard, particularly as applied by the Supreme Court in *Scott v. Harris*, 550 U.S. 372 (2007). As here, *Harris* was a case where the record contained a "videotape capturing the events in question," and there were "no allegations or indications that [the] videotape was doctored or altered in any way." *Id.* at 378. The Supreme Court restated the familiar federal summary judgment standard that "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Id.* at 380 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). And the Court went on to hold that: "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court

- 3 -

should not adopt that version of the facts for purposes of a ruling on a motion for summary judgment." *Id*.

Read against the backdrop of the Supreme Court's decision in *Harris*, the Fifth District's certified question is understandable. The Fifth District premised its certified question on the indisputable observation that "technological advancements in our society" will "increase the likelihood of video and digital evidence being more frequently used in both trial and pretrial proceedings." *Lopez*, 275 So. 3d at 834. Implicitly the question asks whether Florida's existing summary judgment standard needs to be rethought—perhaps along the lines of the more commonsense approach reflected in *Harris*. Hence this Court's request that the parties brief the question whether Florida should adopt the federal summary judgment standard.

For the reasons we explain in *In re Amendments to Florida Rule of Civil Procedure 1.510*, No. SC20-1490 (Fla. Dec. 31, 2020), which issues today with this opinion, we are persuaded that Florida should adopt the federal summary judgment standard. But the right way to enact that change is through a prospective rule amendment. We cannot say that the jurisprudence underlying Florida's existing summary judgment standard is clearly erroneous, so we will not recede from that jurisprudence or "reinterpret" it here. *See State v. Poole,* 297 So. 3d 487, 507 (Fla. 2020).

As to the Fifth District's certified question, we do not see a principled basis for engrafting onto Florida's existing summary judgment standard a special interpretive rule for cases involving video evidence. To the extent that the Fifth District's question points to a deeper flaw in Florida's existing summary judgment standard—specifically, its unreasonable definition of what constitutes a "genuine issue" in need of resolution by a jury—this problem is better addressed through our prospective rule amendment. In any event, we see no reason to adopt an ad hoc video evidence exception to the existing summary judgment standard on the eve of that amendment.

The Petitioners invite us to quash the Fifth District's decision in *Lopez* on the ground that it is wrong under Florida's existing summary judgment standard, even without any video evidence exception. But having answered the certified question, we decline to take up that issue. We do so without endorsing the Fifth District's "slightest doubt" formulation of the "genuine issue" test for summary judgment under existing Florida law. *See Mobley v. Homestead Hospital, Inc.*, 291 So. 3d 987, 992-95 (Fla. 3d DCA 2019) (Logue, J., concurring) (questioning the continued validity of this formulation). And without reaching any conclusion about the application of the Supreme Court's decision in *Harris* to the record in this case.

## CONCLUSION

We answer no to the certified question and approve the result in the Fifth District Court of Appeal. Our decision is without prejudice to the Petitioners' ability to seek summary judgment under Florida's new summary judgment standard, once our rule amendment takes effect.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, COURIEL, and GROSSHANS, JJ., concur.
LABARGA, J., concurs in part and dissents in part with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring in part and dissenting in part.

I concur in the result, which leaves intact the decision reached by the Fifth District Court of Appeal. However, as discussed in my dissenting opinion in *In re Amendments to Florida Rule of Civil Procedure 1.510*, No. SC20-1490 (Fla. Dec. 31, 2020), I strongly dissent to the majority's conclusion that this case warrants reconsideration of Florida's summary judgment standard, and further, to the majority's decision to prospectively amend Florida Rule of Civil Procedure 1.510 and adopt the federal summary judgment standard.

Application for Review of the Decision of the District Court of Appeal – Certified Great Public Importance

Fifth District - Case No. 5D18-2907

(Osceola County)

Sean M. McDonough, Jacqueline M. Bertelsen, and Gary Spahn of Wilson Elser Moskowitz Edelman & Dicker LLP, Orlando, Florida,

    for Petitioners

Tony Bennett of Hicks & Motto, P.A., Palm Beach Gardens, Florida; and Bryan S. Gowdy and Meredith A. Ross of Creed & Gowdy, P.A., Jacksonville, Florida,

    for Respondent

George N. Meros, Jr., Kevin W. Cox, Tiffany A. Roddenberry, and Tara R. Price of Holland & Knight, LLP, Tallahassee, Florida,

    for Amici Curiae Chamber of Commerce of the United States of America and Florida Chamber of Commerce

Edward G. Guedes and Eric S. Kay of Weiss Serota Helfman Cole & Bierman, P.L. Coral Gables, Florida; and William W. Large of Florida Justice Reform Institute, Tallahassee, Florida,

    for Amici Curiae Florida Justice Reform Institute and Florida Trucking Association

Kansas R. Gooden of Boyd & Jenerette, PA, Miami, Florida; and Elaine D. Walter of Boyd Richard Parker & Colonnelli, P.L, Miami, Florida,

    for Amicus Curiae Florida Defense Lawyers Association

Wendy F. Lumish, Alina Alonso Rodriguez, and Daniel A. Rock of Bowman and Brooke LLP, Coral Gables, Florida,

    for Amicus Curiae Product Liability Advisory Council, Inc.

Angela C. Flowers of Kubicki Draper, Ocala, Florida,

    for Amicus Curiae Federation for Defense & Corporate Counsel

Jason Gonzalez, Daniel Nordby, Benjamin Gibson, Amber Stoner Nunnally, and Rachel Procaccini, Tallahassee, Florida, and Julissa Rodriguez of Shutts & Bowen LLP, Miami, Florida,

    for Amici Curiae Florida Health Care Association and Associated Industries of Florida

Manuel Farach of McGlinchey Stafford, PLLC, Fort Lauderdale, Florida; and Joseph S. Van de Bogart of Van de Bogart Law, P.A., Fort Lauderdale, Florida,

    for Amicus Curiae Business Law Section of The Florida Bar

Michael M. Brownlee of The Brownlee Law Firm, P.A., Orlando, Florida,

    for Amicus Curiae American Board of Trial Advocates

Maegen Peek Luka of Newsome Melton, Orlando, Florida,

    for Amicus Curiae Retired Florida Circuit Court Judges

Jeffrey R. White, Washington, District of Columbia; and Andrew A. Harris of Burlington & Rockenbach, P.A., West Palm Beach, Florida,

    for Amici Curiae American Association for Justice and Florida Justice Association